NOT FOR PUBLICATION                              [Docket No. 19]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

RAYMOND BEYERLE, JR.,

               Plaintiff,

      v.

WRIGHT MEDICAL TECHNOLOGY INC.,

           Defendant.

Civil No. 14-2128 RMB/KMW

**OPINION**

APPEARANCES:

Michael Katz
Paul & Katz P.C.,
1103 Laurel Oak Road, Suite 105C
Voorhees, NJ 08043
    Attorneys for Plaintiff

Stephen Finley
Gibbons P.C.
1700 Two Logan Square
Philadelphia, PA 19103
    Attorneys for Defendants

**BUMB**, United States District Judge:

This matter comes before the Court upon a Motion by

Defendant, Wright Medical Technology Inc., to dismiss Counts

Three (Breach of Express Warranty), Four (New Jersey Consumer

Fraud Act) and Five (Magnuson-Moss warranty) of the Complaint in

the above-captioned matter.  Pursuant to the Plaintiff's

opposition papers, Plaintiff has agreed to dismiss Counts Three and Five. [Docket No. 23 at 3].  Therefore, those Counts are not analyzed below as they shall be dismissed from the Complaint pursuant to the agreement of the parties.  With respect to the remaining Count at issue, Count Four, this Court finds that Defendant's motion shall be denied.

## I.   Background[1]

In his Complaint, Plaintiff Raymond Beyerle avers that was injured by the ProFemur hip stem system ("ProFemur"), a orthopedic hip implant, that was designed, manufactured, marketed by Defendant.  Compl. at ¶¶ 6-7.  Plaintiff had the ProFemur Plasma Z implanted at Cooper University Hospital during a Total Hip Arthroplasty (THA) and a revision surgery.  Id. at ¶¶ 14-18, 45, 71.  Plaintiff contends that, prior to his surgeries, Defendant was "aware of defects and unreasonably high rates of problems with the ProFemur Plasma Z . . . ."  Id. at ¶ 71. Following his surgery, Plaintiff experienced a "catastrophic failure of his . . . implant [when the] ProFemur System

---

[1] This Court will accept the Plaintiff's well-pled allegations as true for purposes of this motion to dismiss.  See Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

inexplicably fractured." Id. at ¶ 90.  As a result, "Plaintiff experienced intense and agonizing pain." Id. at 89.

Count Four of Plaintiff's Complaint alleges a breach of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 ("NJCFA"). Pursuant to this Count, Plaintiff avers that the Defendant advertised that the ProFemur system was safe and effective and had, inter alia, a clinical history of safety, structural reliability, and no reported failures. Id. at ¶ 119.  Plaintiff further avers that "Defendant[] knew these advertised qualities were unproven and untrue . . . [and that] ProFemur components were not safe, effective or structurally reliable as evidenced by the catastrophic failure of Plaintiff's components." Id. at ¶ 122.

Plaintiff further contends that Defendant "affirmatively misrepresented the safety and efficacy of the ProFemur System and, as a result, the ProFemur components were worthless for their intended purpose.  Finally, Plaintiff states that he "expended a substantial sum of money he otherwise would not have expended to purchase a replacement for the product and undergo surgery to implant the replacement product, in addition to the loss of income and other economic harm Plaintiff suffered due to Defendant['s] violation of the [CFA]." Id. at ¶ 128.

3

## II.  Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.  "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss.  Id., 566 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012).

4

Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

## III. Analysis

The Defendant argues that Plaintiff's NJCFA claim is preempted by the New Jersey Products Liability Act ("PLA"). More specifically, Defendant contends that the New Jersey Supreme Court made clear in Sinclair v. Merck & Co., Inc., 195 N.J. 51 (2008), that the PLA is the "sole source of remedy in a products liability action." See id. at 66 ("The heart of plaintiffs' case is the potential for harm caused by Merck's drug. It is obviously a product liability claim. Plaintiffs' [Consumer Fraud Act] claim does not fall within an exception to the PLA, but rather clearly falls within its scope. Consequently, plaintiffs may not maintain a CFA claim."). Based on the holding in Sinclair, Defendant contends that New Jersey courts have routinely applied the PLA broadly to the exclusion of other

claims, including the CFA.  See e.g., Arlandson v. Hartz Mountain
Corp., 792 F. Supp. 2d 691, 703 (D.N.J. 2011)(dismissing
plaintiff's consumer fraud claims where the court found the core
issue was the product's harmfulness, which could only be asserted
pursuant to the PLA); McDonough v. Bayer Healthcare, LLC, 2011
U.S. Dist. LEXIS 56511, *8 (D.N.J. May 26, 2011)(dismissing
claims for consumer fraud because the NJPLA "effectively creates
an exclusive statutory cause of action for claims falling within
its purview.").

In response, Plaintiff contends that his CFA claim fits
within an exception to the PLA, which excludes claims for damage
to the product itself.  In other words, Plaintiff argues that
while the PLA is generally the exclusive remedy for claims based
on harm caused by a product, there is an exception for damage
caused to the product itself – i.e., economic damages for
destruction of the product.  Pl.'s Opp. Br. at 10.  In the
Complaint, Plaintiff states he "expended a substantial sum of
money he otherwise would not have expended to purchase a
replacement for the product and undergo surgery to implant the
replacement product. . . [and] [s]uch expenditure is an
ascertainable loss of money . . . ."  Compl. at ¶¶ 128-129.

Other Courts have deemed similar pleading sufficient at the motion to dismiss stage of the proceedings.  For example, in Shannon v. Howmedica Ostenonics Corp., No. 09-4171, 2010 U.S. Dist. LEXIS 36716 (D.N.J. Apr. 14, 2010), the plaintiff's complaint contained nearly identical allegations regarding a defective tibial insert that was inserted into the plaintiff's knee: e.g., "[p]laintiff expended a substantial sum of money he otherwise would not have expended to purchase a replacement for the product . . . which expenditure is an ascertainable loss of moneys. . . ." Id. at *3.

When faced with the same preemption argument presented by the Defendant in the instant matter, the Shannon court held that "where there are damages being sought that are specifically excluded from overage by the PLA, a separate claim for those damages may be sought," even though it is generally true that "where the essential nature of a claim is a products liability claim, all other claims are subsumed by the PLA claim[]" Id. at *7 (citing Estate of Knoster, 2008 U.S. Dist. Lexis 103342, at *25, n.4.)[2]

---

[2]  The Knoster court noted that the Sinclair decision did not "alter the Third Circuit's previous unpublished ruling in that case that the plaintiffs could separately bring a claim under the CFA for economic damages for destruction of the product

Ultimately, in reviewing the plaintiff's nearly identical pleading to that presented in the instant matter, the <u>Shannon</u> court declined to dismiss the plaintiff's CFA claim, finding that "Mr. Shannon's CFA damage claim appears to be focused on harm to the product itself—damages not encompassed within the PLA's definition of harm." <u>Id.</u>  Notably, the Court went on to state: "[i]f, after discovery, it is clear that all of the harm for which Mr. Shannon seeks redress is covered by his PLA claim, then [defendant] may move for summary judgment on the CFA claim."

Similar to the Court's decision in <u>Shannon</u>, and based on the facts as plead in the Complaint, this Court will not dismiss Plaintiff's CFA claim as preempted at this time.  This Court finds that what Plaintiff has plead in Count Four is a claim for harm to the product itself – <u>i.e.</u>, the cost of having to buy a replacement because the product broke.  Again, under the PLA, "'harm' means (a) physical damage to the property, <u>other than to the product itself</u> . . . ." N.J.S.A. § 2A:58C-1(b)(2)(emphasis added).  At this stage in the litigation, it appears that Plaintiff's CFA claim seeks economic damages resulting from harm to the product itself, and, as such, is not subsumed by the PLA.

---

itself."

8

See Arlandson v. Hartz Mountain Corp., 792 F. Supp. 2d 691 (D.N.J. 2011)(noting that other courts have found that the PLA does not subsume claims for economic damages where the harm is to the product itself); Knoster v. Ford Motor Co., No. 01-3168, 2008 U.S. Dist. LEXIS 103342, at *26 n.4 (D.N.J. Dec. 22, 2008)("economic damages for destruction of the product are not recoverable under the PLA.").

While the Court will not dismiss Plaintiff's CFA claim as subsumed by the PLA at this time, it notes, like the court in Shannon, that if discovery reveals that the "heart" of Plaintiff's case is the harm caused by the product, rather than the harm caused to the product itself, Defendants may move for summary judgment on the CFA claim.[3]  If, after discovery, the undisputed facts demonstrate the nature of Plaintiff's claim is truly one for product liability, a motion for summary judgment on

---

[3] The Court notes that this case demonstrates the difficulty of managing the distinction between harm caused to a product and harm caused by a product in the implanted medical device realm, as the harm to the product necessarily causes the harm by the product.  This Court expects, consistent with the obligations under Federal Rule of Civil Procedure 11, that Plaintiff will only continue to pursue claims having a good faith basis and grounded in evidentiary support.  If the course of discovery reveals that the heart of Plaintiff's claim is the harm caused by the product, Rule 11 would seem to mandate the dismissal of the CFA claim.

the CFA claim may be granted.  See e.g., Arlandson, 792 F. Supp. 2d at 703 ("regardless of how a claim is pleaded, where the core issue is the harmfulness of the product's chemicals, the claim must be pleaded as an NJPLA claim."); Kury v. Abbott Labs., No. 11-803, 2012 U.S. Dist. LEXIS 4862, at *13 (D.N.J. Jan. 17 2012)("even the claim of lost value in this case is not sufficiently distinguishable from the broad harm encompassed by the NJPLA."); Fellner v. Tri-Union Seafoods, No. 06-688, 2010 U.S. Dist. LEXIS 36195, at *15 (D.N.J. Apr. 13, 2010)("The fact that Plaintiff here seeks economic damages to reimburse her for the cost of the product (in addition to personal injury damages) does not change the fact that this is, in essence, a product liabilities claim."); Vercellono v. Gerber Prods. Co., Civ. No. 09-2350, 2010 U.S. Dist. LEXIS 9477, at *20 (D.N.J. Feb. 3, 2010)("[l]imiting a claim to economic injury and the remedy sought to economic loss cannot be used to obviate the PLA.)

## IV.  Conclusion

For the reasons discussed above, Defendant's motion to dismiss will be granted as to Counts Three and Five and denied as

to Count Four.  An appropriate Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated:    December 23, 2014

11